1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 JEAN CARR,                                                          CASE NO. CV F 11-0890 LJO GSA

12                          Plaintiff,                    **ORDER ON DEFENDANTS' CALIFORNIA**
                                                          **CODE OF CIVIL PROCEDURE SECTION**
13              vs.                                       **425.16 MOTION TO STRIKE**

14 ASSET ACCEPTANCE, LLC, et al,

15                          Defendants.
   _____/

16

17                          **INTRODUCTION**

18         Defendants[1] seek to dismiss as legally barred under California Code of Civil Procedure section

19 425.16 ("section 425.16")[2] plaintiff Jean Carr's ("Ms. Carr's") malicious prosecution and unfair business

20 practices claims arising from defendants' credit card collection attempts.  Ms. Carr seeks to stay a ruling

21 on defendants' section 425.16 motion to permit Ms. Carr to conduct discovery into the handling of her

22 credit card account.  This Court considered defendants' section 425.16 motion on the record without a

23 hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court DISMISSES Ms.

24 Carr's malicious prosecution and unfair business practices claims.

25 _____

26         [1]        Defendants are Asset Acceptance, LLC ("Asset Acceptance"), its debt collection law firm Fulton, Frieman
   & Gullance, LLP ("FFG"), and FFG attorney Ann Merrill ("Ms. Merrill").  This Court will refer to Asset Acceptance, FFG
27 and Ms. Merrill collectively as "defendants."

28         [2]        Section 425.16 is California's anti-Strategic Lawsuits Against Public Participation ("anti-Slapp") statute.

                                                          1

1

**BACKGROUND**

2

**Summary**

3        Ms. Carr characterizes Asset Acceptance as a collector of "charged off and otherwise 'bad'

4    accounts" known as "Zombie" debts since they are legally "dead for collection purposes," such as barred

5    by statutes of limitations.  Defendants seek dismissal of Ms. Carr's malicious prosecution claim in the

6    absence of evidence to support elements of the claim.  Defendants contend that the "litigation" privilege

7    of California Civil Code section 47(b) ("section 47(b)") bars Ms. Carr's claim for unfair business

8    practices under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof., §§ 17200, et seq.

9

**Debt Collection Attempts**

10       Asset Acceptance retained FFG to attempt to collect Ms. Carr's Bank One credit card debt and,

11   if necessary, to file a collection action against Ms. Carr.  Asset Acceptance represented to FFG that Ms.

12   Carr owed $7,600 on a credit card account and that Ms. Carr had made a $10 check payment on October

13   26, 2008.  Defendants note that the signature on the check matches the signature on the credit card

14   application.  In her declaration, Ms. Carr states that prior to writing the check, she was contacted by a

15   Bank One representative and "explained that the debt had been charged off and that I did not believe I

16   still owed it."  Ms. Carr attributes the Bank One representative to have told her that "for the account to

17   be closed out, I had to make some nominal 'final payment'" and thus "sent the $10 check."

18       FFG sent an August 25, 2010 letter to Ms. Carr to note that it had been retained to collect the

19   credit card debt and to provide debt collection notices required by federal and California law.  The letter

20   states: "Unless you notify this office within 30 days after receiving this notice that you dispute the

21   validity of this claim . . ., this office will assume this debt to be valid."  Defendants note that FFG "did

22   not receive by any means of communication information that Plaintiff Carr disputed the debt until

23   December, 2010."

24       Ms. Carr denies that she received the letter and declares: "Had I received the letter of August 25,

25   2010, I would have immediately challenged the alleged debt on the basis of what I was told when I made

26   the $10 payment."

27

**Collection Action**

28       Ms. Merrill prepared a California Judicial Council form complaint, dated October 11, 2010, to

2

allege for Asset Acceptance a single common count of account stated against Ms. Carr ("collection action").  Defendants note that FFG's practice is to mail complaints to local courts "which delays the filing of the complaint."  The collection action was filed on December 14, 2010 in Fresno County Superior Court.  Defendants note that "[i]t was not until December 21, 2010 that Plaintiff Carr contracted FFG through her counsel and claimed that the debt was not owed."  Ms. Carr declares that after her telephone conversation with a Bank One representative, the "next I heard on this matter was years later when I was served with the lawsuit."

Defendants offer the declaration of Cynthia Fulton ("Ms. Fulton"), FFG's Defense Director, that:

1.   FFG "believed that it had probable cause to prosecute a lawsuit against Plaintiff Carr";

2.   FFG and Ms. Merrill "relied upon the representations of our client, Asset Acceptance, and the fact that Plaintiff Carr had not disputed the debt to provide probable cause to file the collection lawsuit"; and

3.   The collection action "was not dismissed because it lacked merit."

Ms. Carr notes that defendants dismissed the collection action without prejudice directly after Ms. Carr propounded discovery to ascertain the basis of Acceptance Asset's claim.

**Ms. Carr's Claims**

In this action, Ms. Carr proceeds on her Complaint for Malicious Prosecution, Unfair Business Practices (B&P 17200) Violation of 15 U.S.C. § 1692 et seq. ("complaint").  The complaint's (first) malicious prosecution claim alleges that defendants knew Ms. Carr's alleged debt was "dead" and barred by the statute of limitations but filed the collection action to "extort a settlement."  The claim continues that Ms. Merrill lacked "information or facts upon which to form a reasonable belief that the allegations of the complaint were true."  The complaint's second claim alleges that defendants violated the UCL and engaged in "false, misleading, unfair and deceptive business practices" by filing the collection action knowing no facts supported it and misrepresenting that "there was a valid debt" against Ms. Carr.  The complaint also alleges a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., which is not at issue here.

/ / /

/ / /

3

1

**DISCUSSION**

2

**California's Anti-SLAPP Statute**

3        Defendants seek section 425.16 dismissal of the complaint's malicious prosecution claim in the

4  absence of "probability of success" on the claim's elements.  Defendants contend that section 47(b)'s

5  litigation privilege bars the complaint's UCL claim.

6        As California's anti-SLAPP statute, section 425.16 authorizes a "special motion to strike"

7  litigation designed to chill free speech:

8              (b)(1)  A cause of action against a person arising from any act of that person in
          furtherance of the person's right of petition or free speech under the United States
9          Constitution or the California Constitution in connection with a public issue shall be
          subject to a special motion to strike, unless the court determines that the plaintiff has
10         established that there is a probability that the plaintiff will prevail on the claim.

11       An act in further of a person's right of petition or free speech in connection with a public issue

12 includes "any written or oral statement or writing before a . . . judicial proceeding . . ." Cal. Code. Civ.

13 Proc., 425.16(e)(1).

14       Section 425.16 is to be construed broadly.  Cal. Code Civ. Proc., § 425.16(a); *Kectchum v.*

15 *Moses*, 24 Cal.4th 1122, 1130, 104 Cal.Rptr.2d 337 (2001).

16

**Section 425.16's Application In Federal Courts**

17       The Ninth Circuit Court of Appeals has determined that section 425.16 applies in federal courts

18 in the absence of "direct collision" between California's statutory scheme and F.R.Civ.P. 8, 12 and 56.

19 *United States ex rel. Newsham v. Lockheed Missiles & Space Company, Inc.*, 190 F.3d 963, 972 (9th Cir.

20 1999), *cert. denied*, 530 U.S. 1203, 120 S.Ct. 2196 (2000).  The "Anti-SLAPP statute and the Federal

21 Rules do, in some respects, serve similar purposes, namely the expeditious weeding out of meritless

22 claims before trial . . . . [T]here is no indication that Rules 8, 12, and 56 were intended to 'occupy the

23 field' with respect to pretrial procedures aimed at weeding out meritless claims." *Newsham*, 190 F.3d

24 at 972. "Although Rules 12 and 56 allow a litigant to test the opponent's claims before trial, California's

25 'special motion to strike' adds an additional, unique weapon to the arsenal, a weapon whose sting is

26 enhanced by a[n] entitlement to fees and costs." *Newsham*, 190 F.3d at 973.

27       "Special procedural rules apply where an anti-SLAPP motion is brought in federal court."

28 *Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F.Supp.2d 1172, 1180 (C.D. Cal.

4

2006).  A section 425.16 special motion to strike may be based on a defect in a complaint, including

legal deficiencies addressable on a motion to dismiss under F.R.Civ.P. 12(b)(6), or a failure to support

a stated claim with evidence, analogous to a F.R.Civ.P. 56 summary judgment motion.  *Condit v.*

*National Enquirer, Inc.,* 248 F.Supp.2d 945, 952 (E.D. Cal. 2002).  As a fellow district court has

explained:

> § 425.16 applies in federal court. However, it cannot be used in a manner that conflicts
> with the Federal Rules. This results in the following outcome: If a defendant makes a
> special motion to strike based on alleged deficiencies in the plaintiff's complaint, the
> motion must be treated in the same manner as a motion under Rule 12(b)(6) except that
> the attorney's fee provision of § 425.16(c) applies. If a defendant makes a special motion
> to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the
> same manner as a motion under Rule 56 except that again the attorney's fees provision
> of § 425.16(c) applies.

*Rogers v. Home Shopping Network, Inc.*, 57 F.Supp.2d 973, 983 (C.D. Cal.1999).

Nonetheless, a section 425.16 special motion to strike does not apply to federal claims in federal

court. "While the anti-SLAPP statute furthers 'important, substantive state interests,' . . . California has

no interest in dictating rules of procedure or substance applicable to federal claims brought in federal

court." *Bulletin Displays*, 448 F.Supp.2d at 1182 (finding section 425.16 "inapplicable" to RICO and

Clayton Act claims); *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) ("the anti-SLAPP

statute does not apply to federal law causes of action").

**Section 425.16's Burden Shifting**

Section 425.16(b)(1) provides a two-step burden shifting process:

> First, the court decides whether the defendant has made a threshold showing that the
> challenged cause of action is one arising from protected activity. The moving defendant's
> burden is to demonstrate that the act or acts of which the plaintiff complains were taken
> "in furtherance of the [defendant]'s right of petition or free speech under the United
> States or California Constitution in connection with a public issue," as defined in the
> statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then
> determines whether the plaintiff has demonstrated a probability of prevailing on the
> claim. Under section 425.16, subdivision (b)(2), the trial court in making these
> determinations considers "the pleadings, and supporting and opposing affidavits stating
> the facts upon which the liability or defense is based."

*Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53, 67, 124 Cal.Rptr.2d 507 (2002).

***Protected Activity***

As to the threshold protected activity burden, "the critical consideration is whether the cause of

5

action is based on the defendant's protected free speech or petitioning activity." *Navellier v. Sletten,* 29 Cal.4th 82, 89,124 Cal.Rptr.2d 530 (2002); *see Kajima Engineering and Constr., Inc. v. City of Los Angeles*, 95 Cal.App.4th 921, 928, 116 Cal.Rptr.2d 187, 192 (2002) (moving defendant's burden is show that the challenged action arises from protected activity). "[A] defendant that satisfies its initial burden of demonstrating the targeted action is one arising from protected activity faces no additional requirement of proving the plaintiff's subjective intent. . .  Nor need a moving defendant demonstrate that the action actually has had a chilling effect on the exercise of such rights." *Navellier,* 29 Cal.4th at 88,124 Cal.Rptr.2d 530 (citation omitted.)  "A defendant meets this [protected activity] burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." *Braun v. Chronicle Publishing Co.,* 52 Cal.App.4th 1036, 1043, 61 Cal.Rptr.2d 58 (1997).

"The constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking administrative action." *Ludwig v. Superior Court,* 37 Cal.App.4th 8, 19, 43 Cal.Rptr.2d 350 (1995).  "It is well established that filing a lawsuit is an exercise of a party's constitutional right of petition." *Chavez v. Mendoza*, 94 Cal.App.4th 1083, 1087, 114 Cal.Rptr.2d 825 (2001).  The "filing of a judicial complaint satisfies the 'in connection with a public issue' component of section 425.16, subdivision (b)(1) because it pertains to an official proceeding." *Chavez*, 94 Cal.App.4th at 1087, 114 Cal.Rptr.2d 825.

Defendants argue that the "gravamen" of Ms. Carr's complaint "arises from prosecution" of the collection action given that FFG allegedly lacked probable cause to pursue the collection action which was time barred.  Defendants contend that their actions at issue here furthered constitutional rights to petition and are protected by section 425.16.  Defendants continue that with their satisfaction of the protected activity prong, the burden shifts to Ms. Carr to demonstrate probable success on her claims.

Ms. Carr fails to challenge that defendants engaged in activity protected by section 425.16.  This Court agrees with defendants that filing the collection action and related activity is connected sufficiently to a judicial proceeding to satisfy the protected activity prong of section 425.16.  As such, this Court turns to the probability of Ms. Carr prevailing on her malicious prosecution and unfair business practices claims.

1

***Probability Of Prevailing***

2       Defendants argue that to meet her burden on the second section 425.16 prong, Ms. Carr "must

3   come forward with admissible evidence sufficient to establish a probability of prevailing on her claims."

4       To establish the requisite probability of prevailing (section 425.16 (b)(1)), the plaintiff need only

5   have "stated and substantiated a legally sufficient claim." *Rosenthal v. Great Western Fin. Securities*

6   *Corp.,* 14 Cal.4th 394, 412, 58 Cal.Rptr.2d 875 (1996).   "Put another way, the plaintiff 'must

7   demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie

8   showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'"

9   *Wilson v. Parker, Covert & Chidester,* 28 Cal.4th 811, 821, 123 Cal.Rptr.2d 19 (2002) (quoting *Matson*

10  *v. Dvorak,* 40 Cal.App.4th 539, 548, 46 Cal.Rptr.2d 880 (1995)).   To establish a "probability" of

11  prevailing on a claim, a plaintiff facing a section 425.16 motion must "make a prima facie showing of

12  facts which would, if credited, support a judgment in his favor." *Conroy v. Spitzer*, 70 Cal.App.4th

13  1446, 1451, 83 Cal.Rptr.2d 443 (1999).

14      At the pleading stage a section 425.16 motion, like a summary judgment motion, "pierces the

15  pleadings and requires an evidentiary showing." *Simmons v. Allstate Ins. Co.*, 92 Cal.App.4th 1068,

16  1073, 112 Cal.Rptr.2d 397 (2001).   The test applied to a section 425.16 motion is similar to that of a

17  motion for summary judgment, nonsuit, or directed verdict. *Kyle v. Carmon,* 71 Cal.App.4th 901, 84

18  Cal.Rptr.2d 303 (1999).   "Evidence is considered, but not weighed. If the initial evidentiary burden is

19  met by the moving party, the burden shifts to the party opposing the motion to avoid dismissal of the

20  action." *Simmons*, 92 Cal.App.4th at 1073, 112 Cal.Rptr.2d 397.

21      The parties appear to agree that defendants' section 425.16 motion proceeds like a summary

22  judgment motion rather than a motion to dismiss.   Ms. Carr seeks to stay a ruling on the section 425.16

23  motion to engage in limited discovery.   Ms. Carr's counsel submits his declaration that he needs to

24  "ascertain the true facts of what was sent to and received by defendants" and "what as alleged to have

25  been sent to plaintiff," to inquire into "non-receipt of collection letters alleged to have been sent by

26  defendants," and "to find out from Bank One who handled the account prior to it being given to

27  defendants and what records are available to show exactly what happened."

28      Defendants respond that discovery is barred by section 425.16(g), which provides:

> All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section.  The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion.  The court, on noticed motion and for good cause, may order that specified discovery be conducted notwithstanding this subdivision.

Defendants argue that to establish good cause for discovery, Ms. Carr must identify necessary information to establish a prima facie case.

Defendants fail to explain how section 425.16(g), a California procedural rule, applies to this federal Court.  Nonetheless, the rationale to prohibit discovery make sense, especially to promote section 425.16 goals.  "Indeed, '[t]he point of the anti-SLAPP statute is that you have a right not to be dragged through the courts because you exercised your constitutional rights.'" *Varian Medical Systems, Inc. v. Delfino,* 35 Cal.4th 180, 193, 25 Cal.Rptr.3d 298 (2005).  Moreover, Ms. Carr's counsel fails to connect the fruits of purported discovery to probable success on the complaint's malicious prosecution and unfair business practices claims.  Ms. Carr's counsel is vague as to what he seeks, how he will attempt to obtain it, and its potential effects on the malicious prosecution and unfair business practices claims.  Without sufficient guidance from Ms. Carr's counsel, this Court is not in a position to stay ruling on defendants' section 425.16 motion given the absence of good cause for discovery.  As such, this Court next evaluates the complaint's malicious prosecution and unfair business practices claims.

### Malicious Prosecution

As a reminder, the gist of the complaint's malicious prosecution claim is that defendants lacked probable cause to pursue the collection action given that the collection action was time barred.

### *Elements*

The essential elements of malicious prosecution are the same in criminal and civil contexts.  The malicious prosecution plaintiff must plead and prove that the prior proceeding, commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice.  *Villa v. Cole*, 4 Cal.App.4th 1327, 1335, 6 Cal.Rptr.2d 644, 648 (1992).

### *Favorable Termination*

Defendants argue that Ms. Carr is unable to establish favorable termination of the collection action.  Ms. Carr responds that termination of the collection action by dismissal without prejudice "is

not a bar" to her malicious prosecution claim.

The California Court of Appeal addressed favorable termination in the context of a dismissal:

> "A termination is favorable when it reflects 'the opinion of someone, either the trial court or the prosecuting party, that the action lacked merit or if pursued would result in a decision in favor of the defendant.'" (*Camarena v. Sequoia Ins. Co.* (1987) 190 Cal.App.3d 1089, 1099 [235 Cal.Rptr. 820].) "It is not enough . . . merely to show that the proceeding was dismissed." (*Jaffe v. Stone* (1941) 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775].) The termination must demonstrate the innocence of the accused. "Standing alone, an allegation that all proceedings terminated favorably to plaintiff would be a mere conclusion and insufficient to satisfy requirements of pleading on the point where placed in issue by general and special demurrer." (*Webb v. Youmans* (1967) 248 Cal.App.2d 851, 854 [57 Cal.Rptr. 11].) . . .

> The test is whether or not the termination tends to indicate the innocence of the defendant or simply involves technical, procedural or other reasons that are not inconsistent with the defendant's guilt. (*Jaffe v. Stone, supra*, 18 Cal.2d at p. 150; *Haight v. Handweiler* (1988) 199 Cal.App.3d 85, 88-89 [244 Cal.Rptr. 488].) The focus is not on the malicious prosecution plaintiff's opinion of his innocence, but on the opinion of the dismissing party. (*Id.*, at p. 89.)

*Cantu v. Resolution Trust Corp.*, 4 Cal.App.4th 857, 881, 6 Cal.Rptr.2d 151 (1992); *see Minasian v. Sapse*, 80 Cal.App.3d 823, 827, 145 Cal.Rptr. 829, 832 (1978) ("termination reflects the opinion of the prosecuting party that, if pursued, the action would result in a decision in favor of the defendant, as where the district attorney seeks dismissal of the prosecution of a criminal action for lack of evidence . . . or where the plaintiff in a civil proceeding voluntarily dismisses the action").

The record merely shows that defendants dismissed the collection action without prejudice after Ms. Carr propounded discovery. Standing alone, such dismissal fails to demonstrate Ms. Carr's innocence. Ms. Carr does not deny that she owes or owed the credit card debt. She merely suggests it was discharged. Although Ms. Carr argues that dismissal of the collection actions supports her innocence, *see MacDonald v. Joslyn*, 275 Cal.App.2d 282, 289, 79 Cal.Rptr. 707 (1969), she points to neither evidence nor proposed discovery that demonstrates her innocence. The favorable termination factor weighs in defendants' favor. Ms. Carr's points whether she received proper debt collection notice and representations as to purported debt collection fail to address her innocence.

### Probable Cause

Defendants argue that Ms. Carr is unable to establish lack of probable cause to bring the collection action in that "Asset Acceptance relied on the documents it had" and FFG and Ms. Merrill "relied upon the representations of their client, as well as the lack of any dispute within 30 days after

9

1   sending the initial August 25, 2010 letter."

2       To recover compensatory damages, a malicious prosecution plaintiff bears the burden to prove

3   that the defendant did not have reasonable grounds to believe that the facts alleged in the complaint were

4   true.  *Centers v. Dollar Markets*, 99 Cal.App.2d 534, 540, 222 P.2d 136 (1950).  Probable cause is

5   satisfied if "any reasonable attorney would have thought the claim tenable" when brought.  *Sheldon*

6   *Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 886, 765 P.2d 498 (1989).

7       In *Roberts v. Sentry Life Insurance*, 76 Cal.App.4th 375, 382, 90 Cal.Rptr.2d 408 (1999), the

8   California Court of Appeal explained:

9           A plaintiff has probable cause to bring a civil suit if his claim is legally tenable.
10      This question is addressed objectively, without regard to the mental state of plaintiff or
        his attorney. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 881 [254
        Cal.Rptr. 336, 765 P.2d 498].) The court determines as a question of law whether there
11      was probable cause to bring the maliciously prosecuted suit. (*Id.* at p. 874.) Probable
        cause is present unless any reasonable attorney would agree that the action is totally and
12      completely without merit. (*Id.* at p. 885.) This permissive standard for bringing suits, and
        corresponding high threshold for malicious prosecution claims, assures that litigants with
13      potentially valid claims won't be deterred by threat of liability for malicious prosecution.
        (*Id.* at p. 872.)

14

15          Probable cause may be present even where a suit lacks merit. Favorable
        termination of the suit often establishes lack of merit, yet the plaintiff in a malicious
16      prosecution action must separately show lack of probable cause. Reasonable lawyers can
        differ, some seeing as meritless suits which others believe have merit, and some seeing
17      as totally and completely without merit suits which others see as only marginally
        meritless. Suits which all reasonable lawyers agree totally lack merit – that is, those
18      which lack probable cause – are the least meritorious of all meritless suits. Only this
        subgroup of meritless suits present no probable cause. (*See In re Marriage of Flaherty*
19      (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179] [an appeal that is simply
        without merit is not by definition frivolous and should not incur sanctions].)

20

21      Ms. Carr appears to argue that the collection action lacked probable cause because defendants

22  dismissed it after Ms. Carr propounded discovery.  Ms. Carr argues that a valid claim for more than

23  $7,000 would not be dismissed logically "if it was winnable."  Ms. Carr confuses ultimate success and

24  probable cause.  The collection action need be only legally tenable.  Although dismissal suggests that

25  the collection action was not ultimately "winnable," dismissal fails to indicate that the collection action

26  was not legally tenable.  Ms. Carr fails to demonstrate that the collection action was not legally tenable,

27  despite its dismissal and given the absence of response to the August 25, 2010 letter.

28  / / /

10

1

*Malice*

2  Defendants challenge Ms. Carr's ability to satisfy the malice element of malicious prosecution.

3  Malice means "actuated by a wrongful motive, i.e., the party must have had in mind some evil

4 or sinister purpose." *Centers*, 99 Cal.App.2d at 541, 222 P.2d at 141.  Malice is established when "the

5 former suit was commenced in bad faith to vex, annoy or wrong the adverse party."  *Centers*, 99

6 Cal.App.2d at 541, 222 P.2d at 142.  Malice must be proven against a particular defendant to justify an

7 award of compensatory damages against that defendant.  *Centers*, 99 Cal.App.2d 541-542, 222 P.2d at

8 142.  Malice may be proved by direct evidence or may be inferred from all circumstances in the case.

9 *Centers*, 99 Cal.App.2d at 542, 222 P.2d at 142.  Malice may, but need not necessarily, be inferred from

10 want of probable cause.  *Jackson v. Beckham*, 217 Cal.App.2d 264, 273, 31 Cal.Rptr. 739, 745 (1963);

11 *Centers*, 99 Cal.App.2d at 541, 222 P.2d at 142.

12  Ms. Carr fails even to suggest malice on the part of defendants.  Ms. Carr offers nothing to

13 indicate defendants' individual bad faith to vex, annoy or wrong Ms. Carr.  Defendants' quick dismissal

14 of the collection action vitiates malice.  Ms. Carr fails to demonstrate a probability of prevailing on the

15 complaint's malicious prosecution claim.

16

**Unfair Business Practices**

17  The complaint's (second) unfair business practices claim alleges that defendants violated the

18 UCL by engaging in wrongful debt collection practices.  Defendants contends that the section 47(b)

19 litigation privilege bars the unfair business practices claim.

20  Section 47(b) renders as privileged a publication or broadcast "[i]n any (1) legislative proceeding,

21 (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or

22 course of any other proceeding authorized by law . . ."

23  The section 47(b) privilege is "absolute" and "bars all tort causes of action except a claim for

24 malicious prosecution."  *Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 808, 81 P.3d 244

25 (2004).  The "privilege applies to any communication (1) made in judicial or quasi-judicial proceedings;

26 (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and

27 (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal.3d 205, 212,

28 786 P.2d 365 (1990).

11

1   The section 47(b) privilege "applies not only to judicial proceedings but to all truth-seeking

2   inquiries, including legislative and other official proceedings." *Crowley v. Katleman*, 8 Cal.4th 666,

3   695,  34 Cal.Rptr.2d 386 (1994).  The privilege is not limited to statements made during trial or other

4   proceedings "but may extend to steps taken prior thereto or afterwards." *Rusheen v. Cohen*, 37 Cal.4th

5   1048, 1057, 128 P.3d 713 (2006).  The privilege "applies to any publication required or permitted by law

6   in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication

7   is made outside the courtroom and no function of the court or its officers is involved." *Silberg*, 50

8   Cal.3d at 212, 786 P.2d 365.

9   A statement in a judicial proceeding is privileged if "it has some reasonably relevancy to the

10  subject matter of the action." *Silberg*, 50 Cal.3d at 220, 786 P.2d 365.  "[C]ommunications made in

11  connection with litigation do not necessarily fall outside the privilege simply because they are, or are

12  alleged to be, fraudulent, perjurious, unethical, or even illegal. This is assuming, of course, that the

13  communications are 'logically related' to the litigation." *Kashian v. Harriman*, 98 Cal.App.4th 892,

14  920, 120 Cal.Rptr.2d 576 (2002).  Doubts as to application of the section 47(b) privilege are "to be

15  resolved in favor of a finding of privilege." *Brody v. Montalbano*, 87 Cal.App.3d 725, 733, 151

16  Cal.Rptr. 206 (1978), *cert. denied*, 444 U.S. 844, 100 S.Ct. 87 (1979).

17  Moreover, the section 47(b) privilege bars claims under the UCL.  *See Rubin v. Green*, 4 Cal.4th

18  1187, 1204, 847 P.2d 1044 (1993).

19  Defendants argue that the complaint's unfair business practices claim "falls squarely within the

20  scope of the litigation privilege" in that the claim is premised on "privileged acts of prosecuting the

21  litigation and communications made in the context of litigation."  Defendants conclude that since

22  defendants engaged in privileged "litigation-related activity," Ms. Carr is unable to demonstrate a

23  probability of prevailing on the unfair business practices claim.

24  Ms. Carr fails to oppose meaningfully application of the section 47(b) privilege to the unfair

25  business practices claim.  Ms. Carr offers nothing to substantiate the claim or to negate the effectiveness

26  of the section 47(b) privilege.  As such, Ms. Carr fails to demonstrate probability of prevailing on the

27  unfair business practices claim.

28  / / /

1

<u>**CONCLUSION AND ORDER**</u>

2

For the reasons discussed above, this Court:

3

1.       GRANTS defendants section 425.16 relief and DISMISSES with prejudice the

4

complaint's malicious prosecution and unfair business practices claims; and

5

2.       ORDERS defendants, no later than August 30, 2011, to file and serve a response to the

6

remainder of the complaint.

7

IT IS SO ORDERED.

8

**Dated:     August 12, 2011**                        /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13